IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1817-WJM

KATRINA RAE DAVIES-SHANKS,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of the Social Security Administration,

    Defendant.

## ORDER VACATING AND REMANDING ADMINISTRATIVE LAW JUDGE'S DENIAL OF SOCIAL SECURITY BENEFITS

This is a Social Security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Katrina Rae Davies-Shanks challenges the final decision of Defendant Andrew M. Saul, the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Davies-Shanks was not disabled within the meaning of the Social Security Act and therefore not entitled to SSI benefits. This appeal followed.

For the following reasons, the ALJ's decision is vacated and this case is remanded to the Commissioner for further proceedings consistent with this Order.

## I. BACKGROUND

Davies-Shanks was born on June 26, 1987 and was 29 years old on the alleged disability onset date of July 1, 2016. (Administrative Record ("R.") (ECF No. 14) at 89–

90.)  Davies-Shanks has a ninth-grade education and previously worked as a short order cook.  (*Id.*)

Davies-Shanks applied for SSI benefits on September 27, 2017.  (R. at 169–77.)  Davies-Shanks alleged that she was disabled due to the following conditions: complex ovarian cysts, degenerative disc disease, asthma, hyperthyroidism hypoglycemia, post-traumatic stress disorder, depression, vitamin D deficiency, right arm pain and cardiac problems.  (*Id*.)  Her application was denied on April 9, 2018.  (R. at 103.)

## II. THE ALJ'S DECISION

After the denial of benefits, Davies-Shanks requested a hearing and appeared before ALJ Diane Davis.  (R. at 36–87.)  On June 18, 2019, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  (R. at 15–29.)

At step one, the ALJ found that Davies-Shanks had not engaged in substantial gainful activity from her alleged onset date of July 1, 2016.  (R. at 17.)

At step two, the ALJ found that Davies-Shanks suffered from the following severe impairments: complex ovarian cysts, degenerative disc disease of the cervical spine, and asthma.  (*Id.*)  The ALJ did not find that any other claimed condition was a severe impairment.  (R. at 17–19.)

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

At step three, the ALJ found that Davies-Shanks's impairments did not meet or medically equal any impairments listed in the Social Security regulations. (R. at 19–20.)

Before proceeding to step four, the ALJ assessed Davies-Shanks's residual functional capacity ("RFC"). (R. at 21.) The ALJ concluded that Davies-Shanks had the RFC to perform the demands of:

> light work as defined in 20 C.F.R. § 416.967(b), including the ability to lift and/or carry twenty pounds occasionally and ten pounds frequently. She can each of stand, walk and sit for up to six hours in an eight-hour day with regular breaks. She can frequently stoop and occasionally kneel, crouch, crawl and climb. [She] can occasionally reach overhead with her right domina[nt] upper extremity. She can tolerate occasional exposure to extreme cold, wetness, humidity and atmospheric conditions . . . .

(*Id.*)

At step four, the ALJ found that Davies-Shanks had the RFC to perform her past relevant work as a short order cook. (R. at 28.) Accordingly, the ALJ concluded that Davies-Shanks was not disabled under the Social Security Act and was not entitled to SSI benefits. (R. at 29.) After the Appeals Council denied her request for review (R. at 1–2), Davies-Shanks filed this action on June 21, 2020. (ECF No. 1.)

## III. LEGAL STANDARD

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Evidence is not substantial if it is

overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## IV. ANALYSIS

Davies-Shanks advances several grounds on which she argues the Court should vacate the ALJ's decision.  (ECF No. 16 at 2–12.)  Among these arguments, Davies-Shanks asserts that the ALJ erred in calculating her RFC because she rejected the opinions of all of Davies-Shanks's examining medical providers.  (*Id.* at 9–12.)  Finding this argument the most persuasive, the Court focuses on the ALJ's rejection of the medical opinions and consequent assessment of Davies-Shanks's RFC and need not consider Davies-Shanks other arguments.

**A.     Medical Provider Opinions**

Davies-Shanks argues that the ALJ improperly weighed the opinions of all four providers who evaluated her medical conditions, including examining physicians and agency physicians.  (ECF No. 16 at 9–12.)  She therefore asserts that the Court must vacate and remand the ALJ's decision with instructions to properly weigh the medical evidence.  (*Id.* at 12.)

In evaluating the medical evidence, the ALJ found each medical opinion of record unpersuasive.  (R. at 23–27.)  She rejected the opinions of two medical providers—Dan Donahue, Ph. D. and Brad Marten, Psy. D.—who determined that Davies-Shanks had

certain mental illnesses and consequent limitations in mental functioning. (R. at 24–26.) The ALJ reasoned that Davies-Shanks appeared to perform everyday household tasks and that the providers' assessments were a result of her subjective complaints rather than objective medical evidence.[2] (*Id.*) She further expressed doubt that Davies-Shanks suffered from particular psychiatric diagnoses based on the "lack of psychological treatment or complaints in the medical evidence of record." (R. at 25.) Specifically, the ALJ was dubious because Davies-Shanks "was not seeing a mental health professional, taking any psychiatric medications or had any hospitalizations since 2012." (*Id.*)

The ALJ further rejected the opinions of James Irwin, M.D. and Michael Lersten, M.D. regarding Davies-Shanks's physical limitations. (R. at 25–27.) Namely, these physicians opined that due to her degenerative disc disease, she was unable to lift more than ten pounds and use of her right extremity was limited. (*Id.*) The ALJ found these opinions unpersuasive because the imaging of Davies-Shanks's neck indicated "only mild degenerative findings" and physical examinations of her neck showed a normal range of motion. (R. at 27.) She therefore concluded that Davies-Shanks is "not as limited and is more capable than as assessed by" the physicians. (*Id.*)

While the Commissioner contends that the ALJ is a factfinder and therefore entitled to make certain determinations (ECF No. 17 at 13–15), such capacity does not obviate the requirement that the ALJ's conclusions be based on objective medical evidence, rather than lay opinions and speculation, about medical evidence. *See Winfrey v. Chater*, 92 F.3d 1017 at 1023–24 (10th Cir. 1996) (vacating denial of benefits

---

[2] It is unclear what type of objective medical evidence would satisfy the ALJ as to the existence of Davies-Shanks's alleged mental limitations.

where ALJ rejected medical opinions but did not rely on objectively contradictory medical evidence). Rather, even when rejecting medical opinions by non-treating physicians, an ALJ must offer some justification, such as conflict with objective medical evidence in the record. See id. at 1023.

The ALJ predicates her conclusion on the proposition that a person with Davies-Shanks's supposed impairments would be unable to participate in the daily activities that she did, and that her physicians would have placed her on a different treatment plan if her condition were as severe as she claims.[3] (R. at 26–28.) Thus, the Commissioner asks the Court to accept the *ALJ's interpretation* of the medical evidence over that of medically trained physicians. To do so would directly conflict with clear Tenth Circuit law, and the Court rejects the Commissioner's invitation to ignore the fact that the ALJ's conclusion is nothing more than the opinion of a lay, non-medically trained person. See *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004). The Court finds that "the ALJ overstepped [her] bounds into the province of medicine, which is reversible error." *Petti v. Colvin*, 2018 WL 4659110, at *5 (D. Colo. Sept. 27, 2018) (citing *Langley*, 373 F.3d at 1121) (internal quotation marks omitted). Accordingly, the Court will vacate the ALJ's decision and remand the case for further proceedings consistent with this Order.

**B.     Remand**

To the extent the Court has not addressed the other arguments asserted by Davies-Shanks, the Court expresses no opinion on the arguments and neither party should take the Court's silence as tacit approval or disapproval. The Court encourages

---

[3] Notably, the ALJ does not rely on conflicting opinions of other providers, but instead rejects all provider opinions in favor of her own interpretation of the evidence. (R. at 23–28.)

the parties and the ALJ to fully consider the evidence and all issues raised anew on remand.

## V. CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for further proceedings consistent with this Order. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 14th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge